IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SPRING GARNER, as parent | ) | |
| and next friend of Wynter Stokes | ) | |
| and in her individual capacity, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-90-WKW |
| | ) | [WO] |
| CITY OF OZARK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This dog-bite case involves an allegedly unprovoked use of a police dog to savage an autistic 18-year-old boy. The matter comes before the court on Defendants' partial motion to dismiss (Doc. # 8), which is due to be granted in part and denied in part as follows.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1343. Personal jurisdiction and venue are uncontested.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). When

evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

## III.  FACTUAL BACKGROUND

Plaintiff Spring Garner has an 18-year-old son, Wynter Stokes.  Mr. Stokes has autism, a disorder that renders him "completely non-verbal" (Doc. # 1 ¶ 11) and "affects the way [he] perceives the world."  (Doc. # 1 ¶ 13.)  Due to his autism, Mr. Stokes has a hard time with "communication and social interaction." (Doc. # 1 ¶ 13.)

One day, Mr. Stokes wandered out of his house.  That is when he met Defendant Phil Dodson, a police officer who works for the city of Ozark.  Officer Dodson's partner is a dog.

The encounter did not go well.  According to the complaint, Officer Dodson arrived after a woman called the police and said Mr. Stokes was in her yard refusing to leave or to even speak.  The woman's husband suspected that Mr. Stokes was autistic and warned an unnamed police officer on the scene of that fact.  (The complaint does not allege that Officer Dodson received that warning.)

After Officer Dodson arrived on the scene, he decided to arrest Mr. Stokes.  For reasons unknown, that process involved siccing the dog on Mr. Stokes three separate times.  Only after the third attack did Officer Dodson manage to restrain Mr. Stokes.[1]

---

[1]  Or at least, that is the story the complaint tells.  Officer Dodson's affidavit (which the court does not consider in ruling on the motion to dismiss), says Mr. Stokes resisted arrest and tried to flee.  The dog attacks undisputedly happened, but Officer Dodson said they were only used to apprehend a fleeing Mr. Stokes.

The complaint does not say whether Mr. Stokes resisted arrest, but it does characterize the attacks as unprovoked.

On February 12, 2013, Ms. Garner sued Officer Dodson and the City of Ozark on her son's behalf. The matter comes before the court on Defendants' motion to dismiss five of Ms. Garner's claims.

## IV. DISCUSSION

At the outset, the court notes three points that can be resolved without discussion. First, as to Count VII, which names only fictitious defendants, Plaintiff accedes to dismissal because there "is no fictitious party practice in federal courts." *See Love v. Town of Ariton*, No. 1:10-cv-105-MEF, 2010 WL 1052852, at *1 (M.D. Ala. Mar. 23, 2010). Likewise, Ms. Garner admits that she is not entitled to recover punitive damages from the city. (Doc. # 23 at 5 ("Plaintiff agrees that the claims for punitive damages against the municipality in her Complaint are due to be struck.").) And though Ms. Garner has not expressly conceded the point, she does not dispute that the official-capacity claims against Officer Dodson should be dismissed because they are redundant to those against the City. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (noting that an official capacity suit is "simply another way of pleading an action against an entity of which an officer is an agent" (quotations

omitted)).  So Defendants' motion to dismiss is certainly due to be granted on those points.

That leaves claims for unreasonable seizure (Count II), unlawful arrest (Count III), a violation of the Americans With Disabilities Act (Count IV), and negligence (Count V), which this opinion will address in turn.  This opinion will also address Defendants' arguments for dismissal of all the claims Ms. Garner brings on her own behalf.

## A.    Unreasonable Seizure (Count II)

First up is the claim that Officer Dodson violated Mr. Stokes's Fourth Amendment right "to be secure in his person from unreasonabl[e] seizures."  (Doc. # 1 ¶ 43.)  For that claim to survive, the complaint's allegations must plausibly suggest that Officer Dodson lacked a reasonable suspicion that Mr. Stokes was engaged in criminal activity.  *See United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008) ("The Constitution . . . permits police officers to conduct a brief investigatory stop if they have a reasonable, articulable suspicion based on objective facts that an individual is engaged in criminal activity." (Internal citation, quotations and alterations omitted)).

But as Officer Dodson points out, the complaint's allegations establish that a reasonable suspicion existed to justify his seizure of Mr. Stokes.  Specifically, the

complaint alleges that Officer Dodson was responding to a report that "an individual (Plaintiff Wynter Stokes)" was on a woman's property "and would not speak or leave when asked." (Doc. # 1 ¶ 21.) Based on that allegation, Officer Dodson had a reasonable suspicion to detain Mr. Stokes for third-degree criminal trespass. *See* Ala. Code § 13A-7-4 ("A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises."). As a result, Count II fails to state a claim upon which relief can be granted.[2]

## B.    Unlawful Arrest (Count III)

The complaint also accuses Officer Dodson of unlawfully arresting Mr. Stokes in violation of the Fourth Amendment. That claim cannot move forward unless the complaint's allegations plausibly suggest that Officer Dodson lacked probable cause to arrest Mr. Stokes.[3]

The complaint fails to do so. As Officer Dodson again points out, Paragraph Twenty-One of the complaint establishes probable cause to arrest Mr. Stokes for

---

[2] Also, Count II is due to be dismissed as abandoned because Ms. Garner did not respond to any of Defendants' arguments for dismissal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that when a party fails to offer argument on an issue, it is abandoned).

[3] Actually, Officer Dodson is entitled to dismissal based on qualified immunity if the allegations of the complaint add up to "arguable probable cause," *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) ("To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause."). But because the facts of the complaint are sufficient to establish *actual* probable cause, the court need not reach the qualified immunity question to decide Officer Dodson is entitled to dismissal.

third-degree criminal trespass. So the Fourth Amendment claim in Count III is due to be dismissed.

Further, to the extent Count III tries to state a claim for a violation of the Fourteenth Amendment based on Mr. Stokes arrest, that claim fails because Ms. Garner has cited no authority that suggests that claim is viable in light of her failed Fourth Amendment claims. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (quotations omitted)).[4]

## C.   ADA Violation (Count IV)

Count IV accuses the City of violating Title II of the Americans with Disabilities Act (the "ADA"), which prohibits "public entit[ies]" from discriminating against "qualified individual[s]" with disabilities. 42 U.S.C § 12132. The City[5] says

---

[4]   Count III is also due to be dismissed as abandoned because Ms. Garner has offered no arguments in support of it. *See Sepulveda*, 401 F.3d at 1228 n.2.

[5]   The Court does not read the allegations in Count IV as attempting a claim against Officer Dodson. At any rate, such a claim would be doomed to failure because Officer Dodson is not a public entity subject to the ADA. *See Rylee v. Chapman*, 316 F. App'x. 901, 905 (11th Cir. 2009) ("By its terms, the ADA only addresses discrimination by a 'public entity.'").

that claim must be dismissed under the Eleventh Circuit's decision in *Bircoll v. Miami-Dade County*, 480 F.3d 1072 (11th Cir. 2007).

In *Bircoll*, the Eleventh Circuit articulated the applicable standard to determine whether the ADA requires police departments to modify their arrest procedures to accommodate disabled individuals: "[T]he question is whether, given criminal activity and safety concerns, any modification of police procedures is reasonable before the police physically arrest a criminal suspect, secure the scene, and ensure that there is no threat to the public or officer's safety." *Id.* at 1085. On that standard, the Eleventh Circuit held that a particular accommodation – a deaf suspect's request for an interpreter during a field sobriety test – was "per se not reasonable" and thus not required by the ADA. *Id.* at 1086. According to Defendants, the court should reach the same conclusion here and find that "any accommodation of Mr. Stokes' disability" would have been "per se not reasonable." (Doc. # 9 at 57.)

Defendant does not explain, however, how the court might engage in the "highly fact-specific inquiry" that *Bircoll* demands. In that case, the Eleventh Circuit had the benefit of a well-developed factual record because that appeal was taken from an order on summary judgment. On that record, the Eleventh Circuit was able to consider whether a particular accommodation would have been reasonable in the context of the particular "exigencies" involved in DUI arrests, "which necessitate

prompt action for the protection of the public." *Bircoll*, 480 F.3d at 1086.  Here, the court has nothing to go on but the allegations of the complaint, and they only indicate that Mr. Stokes was quietly present on someone else's property.  Because there are insufficient facts for the court to determine whether the procedures followed during Mr. Stokes's arrest could have been reasonably modified to accommodate his disability, the court declines to dismiss on the basis of *Bircoll*.[6]

### D.    Negligence (Count V)

Ms. Garner claims that the City is liable for negligently hiring, training, and supervising its police officers.  That state-law claim is due to be dismissed because it does not exist.  *See Styron v. City of Foley*, No. 03-572-CG-L, 2005 WL 3098926, at *4 (S.D. Ala. Nov. 18, 2005) ("Alabama does not recognize an action against a municipality for negligent hiring, supervising, or training.").

### E.    Ms. Garner's Claims on Her Own Behalf

Although Ms. Garner says she "brings this lawsuit as parent and next friend of Wynter Stokes and in her individual capacity" (Doc. # 1 ¶ 2), nothing in the complaint plausibly suggests Ms. Garner can personally recover for any of the causes

---

[6] Defendant also argues that the ADA claim should be dismissed because there is "no evidence of intentional discrimination in this case." (Doc. # 9 at 57.)  Presumably, that argument was meant to support Defendant's motion for summary judgment, which the court has already denied (Doc. # 21).  Lack of evidence is not a basis for dismissal under Rule 12(b)(6).

of action she has stated.  The complaint does not allege that anyone used excessive

force against Ms. Garner (Count I), that she was seized by law enforcement (Count

II), that she was unlawfully arrested (Count III), that she was discriminated against

on the basis of a disability (Count IV), that she was negligently injured (Counts V and

VII), that she was assaulted (Count IX), or that she was battered (Count X).  Thus, to

the extent Ms. Garner attempts to sue on her own behalf as opposed to her son's, the

complaint fails to state any claims upon which relief can be granted.

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendants' motion to dismiss (Doc. # 8)

is GRANTED in part and DENIED in part as follows:

(1)     With respect to Counts II, III, V, and VII, the claims Ms. Garner brings

on her own behalf, the claims against Officer Dodson in his official

capacity, and the claims for punitive damages from the city, the motion

is GRANTED;

(2)     With respect to Count IV, the motion is DENIED.

DONE this 10th day of October, 2013.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE